IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00010-RLV-DSC

| | |
|---|---|
| TYSON FOODS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| ROY MACKLIN, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff Tyson Foods, Inc.'s ("Tyson's") Motion for Summary Judgment. (Doc. 17.)

## I. INTRODUCTION

Plaintiff Tyson Foods has established and maintains a self-funded, employee health-benefit plan ("Tyson Plan") for its employees and their eligible dependents.[1] On June 4, 2009, Defendant Macklin, then a participant in the Tyson Plan, was injured in an automobile accident. (Doc. 7 at 2.) That year, the Tyson Plan paid on behalf of Defendant benefits in the amount of $16,475.03 for services incurred as a result of this accident. (Doc. 7 at 2.) Defendant received additional accident-related funds pursuant to a settlement agreement with a third party. (Doc. 7 at 3.) The parties here dispute whether Plaintiff is entitled to equitable relief pursuant to 29 U.S.C. § 1132(a)(3) to secure Tyson Plan's reimbursement from the third-party settlement

---

[1] The Tyson Plan is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1002(1); (Doc. 1 at 1). Plaintiff is a "fiduciary" of the plan, as defined in ERISA. 29 U.S.C. § 1002(21)(A); (Doc. 1 at 1).

1

funds.² Plaintiff, citing *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), asks the Court to impose "a constructive trust and/or equitable lien" upon the proceeds of this settlement or assets into which they have been converted in order to enforce the terms of the Tyson Plan and ERISA. (Doc. 1 at 3–4; Doc. 17-1 at 4–5.) Defendant has tersely responded, noting that out of the proceeds of his settlement, Defendant paid attorney's fees as well as medical and household expenses. (Doc. 18.) Defendant further notes that Medicare has a lien for medical expenses paid and that he no longer has possession of any of his settlement proceeds. (Doc. 18.) Otherwise, Defendant simply relies "on all pleadings and discovery, specifically Defendant's Initial Disclosures and Answers to Interrogatories, on file or to be filed with the Court in accordance with the law," which includes his reference to *Great-West Life & Annuity Insurance Co v. Knudson*, 534 U.S. 204 (2002). (Doc. 18 at 1; Doc. 7 at 1–3.)

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record before the Court that the movant believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the event this burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3. Thus, the

---

² A fiduciary, such as Plaintiff, may bring a civil action under 29 U.S.C. § 1132(a)(3) "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"

2

Case 5:11-cv-00010-RLV -DSC   Document 20   Filed 06/20/12   Page 2 of 8

nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id.* at 324. Rather, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a motion for summary judgment, the Court must view the evidence and any reasonable inferences arising therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Nevertheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) (quoting *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. ANALYSIS

The pertinent plan provision, in effect at the time of Defendant's automobile accident and while Defendant was a participant in and beneficiary of the Tyson Plan, reads as follows:

> Health benefits are not payable to or for a person covered under this plan (including all Dependents) when the injury or illness to the covered person occurs through the act or omission of another person who is or may be liable to the covered person under tort law or by virtue of any coverage provided to the covered person by any person or business entity. However, the Plan Administrator may elect to advance payment for health expenses incurred for an injury or illness caused by such other party. In the event the Plan Administrator makes such election, the covered person, by receipt of health expenses payments or other benefits, agrees to reimburse the Plan Administrator for such advances if and when such person receives payment of any type or character for the injury or illness from any person or business entity. The acceptance of health expense payments or other benefits under this Plan constitutes the covered person's contractual agreement to reimburse the Plan in full any sums advanced by the Plan for health expenses from the recovery in any manner of any payment of any type or character for the Injury or Illness from any responsible person or business entity. The Plan's right of first recovery exists even if the covered person has not been fully compensated or made whole and even if the covered person makes only a partial recovery of his/her damages. The Plan will not reduce the

3

amount of its claim for a covered person's litigation costs, attorney's fees or any other litigation expense incurred by the covered person in making his/her recovery from the third party. The Plan would also not be compelled to pay a pro rata share of the aforementioned litigation costs or attorney's fees.

. . .

The Plan Administrator . . . shall have such right to recover in full, in first priority . . . . This right to first priority cannot be waived or altered in any way unilaterally by the covered person. . . . Construction of these terms, conditions and obligations, any acknowledgment thereof, and this Plan is to be governed by [ERISA], notwithstanding any state or local law in conflict therewith.

By accepting health expense payments or other benefits under this Plan, the covered person also automatically assigns to the Plan any rights the covered person may have to recover payments from any other party and the Plan has an equitable lien and/or constructive trust on any amount recovered by the covered person whether or not designated as a payment for health expenses. Such lien or trust shall remain in effect until the Plan is repaid in full. The Plan's recovery shall not be reduced by any portion of the covered person's attorney fees or legal expenses.

(Doc. 17-2 at 63–64; Doc. 17-3 at 2). The terms of the plan go on to include a claim subrogation provision and a list of potential funds from which the Tyson Plan may recover.

As Defendant has admitted to having received funds pursuant to a settlement agreement relating to his June 2009 accident, this Tyson Plan reimbursement provision is applicable to the settlement funds. However, section 1132(a)(3) authorizes fiduciaries of covered plans to bring civil actions only for *equitable* relief. As reiterated in *Knudson*, the Supreme Court has expressed notable reluctance to tamper with ERISA's comprehensive enforcement scheme by extending remedies not specifically authorized by the statutory text. Congress's use of the term "equitable" in section 1132(a)(3), therefore, has been construed to encompass only categories of relief "*typically* available in equity." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). If the provision were to be read to authorize actions for legal relief, the term "equitable" would become superfluous. *Id.* at 257–58. The Court must therefore determine whether Plaintiff here actually seeks equitable relief or rather legal relief in equity's clothing.

"A claim for money due and owing under a contract is 'quintessentially an action at

4

law.'" *Knudson*, 534 U.S. at 210 (citing *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (Posner, J.)). However, a plaintiff can "seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213 (citations omitted). A court of equity "could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner." *Id.* However, where "the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant." *Id.* at 213–14 (internal citations and quotations omitted).

In *Sereboff*, the Supreme Court affirmed the concept of an "equitable lien *by agreement*," as distinct from the "equitable lien sought as a matter of restitution" at issue in *Knudson*. An equitable lien by agreement arises where a plan–beneficiary agreement specifically identifies a particular fund—distinct from the defendant's general assets—and a particular share of that fund to which the plan is entitled. *Sereboff*, 547 U.S. at 364. Significantly, the fund over which a lien is asserted need not be in existence when the contract containing the lien provision is executed, and the strict tracing requirements associated with equitable restitution do not apply to equitable liens by agreement or assignment. *Id.* at 365–66. The creation of an equitable lien by agreement would permit Plaintiff to "follow" a measure of the recovery into Defendant's hands as soon as the settlement fund was identified and impose on that portion a constructive trust or equitable lien. *Id.* at 364–66.

Accordingly, the Court must determine whether the basis for Plaintiff's claim is that

Defendant came to possess particular funds that, in good conscience, belong to the Tyson Plan, or whether the basis is instead that Plaintiff is entitled to *some* funds for benefits the plan conferred. If the latter, such a claim would essentially be an action at law for breach of contract. Conversely, if the former, the claim would be adequately framed as lying in equity. Furthermore, in the event that the funds are deemed to belong to the Tyson Plan pursuant to an equitable lien by agreement, there would be no need strictly to trace the settlement award into a fund in Defendant's possession.

Here, Plaintiff has adequately framed its claim as one for particular funds belonging to the Tyson Plan, namely, for "settlement proceeds in the actual or constructive possession of Roy Macklin." (Doc. 17-1 at 4); (*accord* Doc. 1 at 2–3). Furthermore, the plan's language does not merely specify an agreement to reimburse the Tyson Fund from such settlement proceeds. Rather, the language appropriates the fund *pro tanto*:

> By accepting health expense payments or other benefits under this Plan, the covered person also automatically assigns to the Plan any rights the covered person may have to recover payments from any other party and the Plan has an equitable lien and/or constructive trust on any amount recovered by the covered person whether or not designated as a payment for health expenses.

(Doc. 17-2 at 64.) The plan contains clear and unambiguous reimbursement provisions, identifies a fund distinct from the beneficiary's general assets—"payment of any type or character for the injury or illness from any person or business entity," and identifies a particular share of that fund to which the plan is entitled—"any sums advanced by the Plan for health expenses." The terms of the plan therefore establish an equitable lien by agreement, and this equitable lien attached to the settlement fund when it was identified and received by Defendant.

While the details of Defendant's settlement fund are not yet known to the Court, Plaintiff has adequately established the existence of such fund so as to permit the Court to grant summary

6

judgment. Defendant has admitted to receiving a settlement, from which he paid attorney's fees and other expenses. (Doc. 18 at 1.) Although Defendant claims that this fund has since been dissipated, as required by *Sereboff*, the Court rejects the instant application of a strict tracing requirement. The lien attached at the moment of the fund's creation, and the Tyson Plan is entitled to reimbursement in the amount of $16,475.03 for accident-related payments or the value of the settlement fund, whichever is lesser, even if the settlement fund is "not specifically traceable to [Defendant's] current assets because of commingling or dissipation." *Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 621 (7th Cir. 2008); *see Lamb v. Hartford Life and Acc. Ins. Co.*, 5:10-253, 2012 WL 1016116, at *11 (M.D. Ga. Mar. 22, 2012) (noting that an equitable lien by agreement could otherwise be easily defeated by dissipating the funds).

    As a final matter, the Court declines to award to Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). Applying the general guidelines identified in *Quesinberry v. Life Insurance Co. of North America*, 987 F.2d 1017 (4th Cir. 1993) (en banc), the Court finds (1) that the record presents no evidence of Defendant's culpability or bad faith; (2) that no evidence has been proffered regarding Defendant's ability to satisfy an award of attorney's fees; (3) that an award of attorney's fees would serve to deter beneficiary nonpayment; (4) that reimbursement serves to benefit all plan beneficiaries but that Plaintiff has offered little in the way of resolving a significant legal question regarding ERISA itself; and (5) that neither party engaged in much legal analysis and that Defendant's position was not wholly meritless. *See Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010) (holding that after conducting the analysis set forth in *Hardt v. Reliance Standard Life Insurance Co.*, 130 S.Ct. 2149 (2010), the district courts should continue to apply *Quesinberry*'s general guidelines when exercising

7

their discretion to award attorney's fees).[3] On balance, a shift in fees is unwarranted.

## IV. CONCLUSION

There is no disputed issue of fact as to the existence of the Tyson Plan's equitable lien by agreement on Defendant's June 2009 accident-related settlement funds. **IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 17) be **GRANTED**.

Signed: June 20, 2012

Richard L. Voorhees
United States District Judge

---

[3] As the Court here grants Plaintiff's Motion for Summary Judgment, it is clear that Plaintiff has shown "some degree of success on the merits" as discussed in *Hardt*.

8